Muñoz *v*. The Executive Council of Porto Rico.

Appeal from the District Court of San Juan.

No. 46.—Decided October 28, 1904.

Election—Resignation of Candidate—Period in Which It Should Be Filed.—A candidate for office by popular election, whose nomination has been certified according to law and filed in the office of the Secretary of Porto Rico, may present his resignation in writing to the Secretary within three days after the filing of such certificate of nomination; but if that period shall have expired without presenting it, his right to resign shall be deemed extinguished; and if he subsequently exercises it, the resignation must be disregarded.

The facts are stated in the opinion.

*Mr. Díaz Navarro,* for appellant.

*Mr. Rossy, Fiscal,* for respondent.

Mr. Justice Hernández delivered the opinion of the court.

This is an application for a writ of injunction made by Luis Muñoz Rivera to the District Court of San Juan, against the Executive Council of Porto Rico, for the purpose of restraining the latter from printing on the ticket of the Democratic Party for the approaching election, the name of the

plaintiff as candidate for Resident Commissioner of Porto Rico in Washington, which application was denied by aforesaid court in a decision rendered on the 20th instant, and from which the representative of Muñoz Rivera took an appeal to this Supreme Court.

The petitioner alleges in his sworn complaint that on the 21st of September last, his nomination by the Democratic party as candidate for Resident Commissioner of Porto Rico in Washington was filed in the office of the Secretary of Porto Rico; that said nomination was communicated to him by cable, he being in New York at the time; that he cabled back to several personal friends in this city informing them that he declined said nomination; that he had taken the first steamer from New York to this Island for the purpose of placing himself in a position to demand personally, and in the manner prescribed by law, the exclusion of his name from the ballot as candidate for Commissioner in Washington; that arriving in this Island, on the 6th instant, he had filed, on the 8th, his resignation with the Secretary of Porto Rico, who refused to accept it on the ground that this was expressly forbidden by the election law in force.

Section 252 of the Revised Statutes of Porto Rico, which is section 23 of the aforesaid election law, reads as follows:

"If any candidate whose nomination has been certified according to law shall wish to resign from such ticket, he shall file his resignation in writing with the Secretary of Porto Rico within three days after the filing of such certificate of nominatin, and any resignation filed after the time mentioned in this section shall not be considered; *Provided,* that no resignation shall be filed with, or received by, the Secretary of Porto Rico within twenty days immediately preceding an election."

In view of such an explicit provision of the election law, which by the clear and unequivocal language employed therein needs no interpretation, it is evident that Luis Muñoz Rivera had an indisputable right to file in writing his

resignation as candidate for Commissioner of Porto Rico in Washington, within three days after the filing of the certificate of his nomination for such office; and inasmuch as said certificate was filed, according to the sworn statement of the petitioner, on September 21st ultimo, it is clear as the light of midday, that on the 8th of October following, when he filed his resignation, the right exercised by him had extinguished by the lapse of the peremptory period prescribed for the purpose, especially when the same law, in order to give no occasion for doubt and to remove all excuses for vacillation, provides that all resignations filed after the time prescribed therefor shall be disregarded.

It cannot be argued that Luis Muñoz Rivera, when leaving New York, was not already acquainted with his nomination by the Democratic party, and that only upon his arrival in Porto Rico did he learn that said nomination had been filed with the Secretary of Porto Rico; for he himself declares in his petition that he had come to the Island "for the purpose of placing himself in a position to demand, in the manner prescribed by law, the exclusion of his name from the ballot," which shows very clearly that when he sailed from New York he knew that his nomination for Commissioner of Porto Rico in Washington had been filed in the office of the Secretary of Porto Rico; for in order to inform the Democratic party that he objected to the nomination, there was no need of his placing himself in a position to do so in the manner provided by the law, which only provides formalities for resignation when a nomination has been filed with the Secretary of Porto Rico.

Luis Muñoz Rivera could, without leaving New York, have appeared there before a notary or any other official authorized to administer oaths, and declare that it was his wish to decline the nomination; he could also have communicated his resignation by cable to the Secretary of Porto Rico; or have mailed his written resignation to said Secretary,— a method at once simpler and less expensive. Had he

adopted any of these means, it would have been possible to consider whether or not a resignation thus made could produce legal effects. But as he did nothing in the manner above set forth, and even failed to file his resignation with the Secretary of Porto Rico the moment he reached the Island, there is no evidence whatever leading to the presumption that he had done his best to place himself under the protection of the law, thereby justifying the conclusion that, so far as in him lay, he had tried to file his resignation within the legal period, and that if he had failed to do so, it was owing to a physical impossibility.

For the reasons above set forth, the decision of the district court is in conformity to law and should therefore be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary, and Wolf concurred.